```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION

HOWARD LEE LEACH                                      PETITIONER

V.                            NO. 11-5074

RAY HOBBS, Director,                                  RESPONDENT
Arkansas Department of Correction
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

1. On March 18, 2011, the Defendant/Petitioner Howard Lee Leach (hereinafter "Petitioner") filed a 28 U.S.C. § 2254 motion. (Doc. 1). Subsequent thereto, Petitioner filed numerous other motions, which are listed below:

    1) Motion for Reconsideration of Order on Motion to Appoint Counsel, filed on April 6, 2011 (Doc. 9);

    2) Motion for Order to have Mental Evaluation, filed on April 11, 2011 (Doc. 10);

    3) Motion for Order to be released from the Custody of the Arkansas Department of Correction, filed on May 13, 2011(Doc. 14);

    4) Motion for Summary Judgment, filed on June 7, 2011(Doc. 15);

    5) Motion to Amend Petition for Writ of Habeas Corpus, filed on July 12, 2011 (Doc. 18);

    6) Motion to be Declared the Victim, filed on July 12, 2011 (Doc. 19);

    7) Motion for Certificate of Appealability, filed on July 12, 2011 (Doc. 20);

    8) Motion to Subpoena Documents, filed on July 12, 2011 (Doc. 21);

    9) Motion to Appoint Counsel, filed on July 18, 2011 (Doc. 22); and

AO72A
(Rev. 8/82)

    10) Motion for Order to Subpoena Documents, filed on July 18, 2011 (Doc. 23).

    2. On April 15, 2011, the State filed a Motion to Dismiss Petition for Writ of Habeas Corpus and supporting brief. (Docs. 11-12)

    3. The aforesaid motions have been referred to the undersigned, who, being well and sufficiently advised, finds and recommends as follows with respect thereto:

    4. In its motion, the State asserts that Petitioner previously litigated to conclusion a § 2254 petition in the federal district court, and that Petitioner did not seek permission in the Eighth Circuit Court of Appeals before he filed this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A).[1] Therefore, the State prays that Petitioner's petition be dismissed for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(3)(A) and Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 11).

    5. On May 6, 2011, in the present case, Petitioner filed "objections to respondents motion to dismiss," stating that he had "just sent a letter to the Eighth Circuit Court of Appeals Requesting that they authorize this district court to proceed with my new habeus [sic] corpus in this court." (Doc. 13 at p.

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides:
Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

-2-

1).

6. On August 29, 2011, the Eighth Circuit Court of Appeals entered a Judgment, stating that:

> The petition for authorization to file a successive habeas application in the district court is denied. Appellant's motion for leave to proceed on appeal in forma pauperis is denied as moot.
>
> Appellant's motions for summary judgment, to be declared the victim, for discovery, for a certificate of appealability, for appointment of counsel and to subpoena documents are also denied.

Leach v. Arkansas Department of Correction, No. 11-2185 (8th Cir. Aug. 29, 2011). On November 7, 2011, Petitioner filed a Petition for Rehearing with the Eighth Circuit Court of Appeals, which is now pending.

7. By virtue of the Eighth Circuit's decision denying Petitioner's petition for authorization to file a successive habeas application in the district court, and pursuant to 28 U.S.C. § 2244(b)(3), this Court lacks jurisdiction to consider the claims Petitioner presents in this action. See Burton v. Stewart, 549 U.S. 147, 152 (2007); Nooner v. Norris, 499 F.3d 831, 833 (8th Cir. 2007). Accordingly, the undersigned recommends that the State's Motion to Dismiss (Doc. 11) be Granted and that all other pending motions be Denied as moot.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

-3-

**may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 9th day of December, 2011.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)